Filed 1/14/22  P. v. Hughes CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEVIN RONELL HUGHES,<br><br>Defendant and Appellant. | F082482<br><br>(Super. Ct. No. F19906156)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

### STATEMENT OF APPEALABILITY

This appeal is authorized by Penal Code section 1237.

---

[*] Before Levy, Acting P. J., Peña, J. and Snauffer, J.

## STATEMENT OF THE CASE

On September 10, 2019, the Fresno County District Attorney charged appellant Devin Ronell Hughes with one count of second degree robbery (Pen. Code, § 211). The charges included allegations of prior serious felony convictions and a prior strike from 1995. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), & 667, subd. (a).)

On September 30, 2019, criminal proceedings were suspended for an evaluation to determine Hughes's competency to stand trial.

On October 28, 2019, Hughes was found not competent to stand trial.

On December 16, 2019, Hughes was transferred to Metropolitan State Hospital for competency restoration and criminal proceedings remained suspended. His competency was restored and on October 14, 2020, the trial court found Hughes competent to stand trial and criminal proceedings were reinstated.

On November 16, 2020, a first amended complaint was filed adding an allegation of a second prior strike conviction in 1998 from the State of Washington.

On February 1, 2021, Hughes pleaded no contest to the robbery and admitted the two prior strike allegations. The court had previously indicated that it would strike the prior strike allegations with a five-year maximum sentence. The parties stipulated to a factual basis.

On February 23, 2021, Hughes' attorney filed an "Invitation to Strike Prior Serious Felony Convictions; Statement in Mitigation" pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504.

On March 2, 2021, the trial court struck Hughes' prior strike convictions in the interests of justice and sentenced him to five years in state prison. He was awarded custody credits of 379 actual days, 378 conduct days, and 165 days of treatment for a total of 922 days' credit for time served. Fines and fees were not imposed because the court found Hughes had an inability to pay.

On March 2, 2021, Hughes filed a notice of appeal on the sentence or other matters not affecting the validity of the plea.

## STATEMENT OF FACTS[1]

On the morning of August 13, 2019, Hughes entered a drugstore and asked for three packs of cigarettes. He struggled to take the cigarettes from the clerk's hand, causing pain in her lower right arm. Hughes took the cigarettes out of the store. When subsequently apprehended, after advisement of his rights under *Miranda*,[2] he admitted to law enforcement having taken the cigarettes.

## APPELLATE COURT REVIEW

Hughes' appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating Hughes was advised he could file his own brief with this court. By letter on May 24, 2021, we invited Hughes to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Hughes.

## DISPOSITION

The judgment is affirmed.

---

[1] The Statement of Facts is drawn from the probation officer's report.

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.